UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ASSYRRO RUFUS HAMPTON, III** | **CIVIL ACTION NO: 12-2114-P** |
| **VERSUS** | **JUDGE STAGG** |
| **BILLY ROBERTSON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Assyrro Rufus Hampton ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 1, 2012. Plaintiff is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He names Billy Robertson, T.C. Bloxom, Jr., Daniel Weaver, Scott Tucker, Eldred F. Lowe, Jr., City of Minden, the Minden Police Department, and Spencer Tippen as defendants.

Plaintiff claims that on May 31, 2001, he was arrested and charged with armed robbery and aggravated battery of Eldred F. Lowe, Jr. He claims he was not advised of his rights. He claims Minden Police Detectives Daniel Weaver and Scott Tucker were in charge of the investigation.

Plaintiff claims that his photograph was placed in a lineup based solely on the fact that his co-defendant stated he was with him on the date of the robbery and battery. He claims that because the police placed his photograph in the lineup, he was misidentified. He claims the lineup was unduly suggestive and biased. Plaintiff claims that in a supplemental investigative report, Detective Tucker stated that he observed blood stains on his shoe laces. He claims Detective Tucker knew that this statement was untrue and inaccurate. Plaintiff further claims that on May 2, 2003, his co-defendant stated he was not with him on the date of the robbery and battery.

Plaintiff claims there was no arrest report showing why he was arrested. He admits that he was mentioned in the arrest report of his co-defendant. He claims the arrest report failed to include exculpatory evidence.

Plaintiff claims he was arrested without probable cause. In the alternative, Plaintiff claims that after his arrest Defendants had evidence which would have called his arrest into question.

Plaintiff claims that after his arrest, he was interviewed by Detectives Weaver and Tucker. He claims that he provided them with an alibi. He claims his alibi witness was never interviewed by the detectives. Plaintiff also claims that after his arrest but before the investigation was completed, Defendants released his photograph to the media on June 2, 2001. He claims this was done to inflame and prejudice future identifications.

Accordingly, Plaintiff seeks injunctive relief, a dismissal-release agreement, declaratory judgment, stipulation agreement, compromise and settlement agreement, and court costs.

For the reasons discussed below, Plaintiff's claims should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated by Defendants from May 30, 2001 until May 2, 2003. Thus, prescription began to run as to these claims in May 2003 at the latest. The above entitled and numbered complaint was not signed by Plaintiff until July 3, 2012, and it was

not filed by the Clerk of Court until August 1, 2012. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of July 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge